UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHUL DEV MANCHANDA, ESQ.,

                      Petitioner,

              -against-

ATTORNEY GRIEVANCE COMMITTEE
FOR THE FIRST JUDICIAL DEPARTMENT,
ET AL.,

                      Respondents.

23-CV-3356 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

       Rahul Dev Manchanda ("Manchanda" or "Petitioner"), a New York State licensed attorney appearing *pro se*, filed a notice of removal regarding proceeding or proceedings to revoke his law license pending in the Supreme Court of the State of New York, Appellate Division, First Division. *See generally* ECF No. 1 ("Notice of Removal"). For the reasons set forth below, the action is remanded to the Supreme Court of the State of New York, Appellate Division, First Department.

                                    **BACKGROUND**

       Manchanda filed a notice of removal on April 21, 2023. *See* Notice of Removal. In the notice of removal, Manchanda lists himself as the "Petitioner" and lists the following "Respondents": the Attorney Grievance Committee for the First Judicial Department, Remi Shea, Jorge Dopico, Dianne T. Renwich, Peter H. Moulton, Lizbeth Gonzalez, Tanya R. Kennedy, Saliann Scarpulla, Abigail Reardon, Robert Anello, Joel Peterson, Naomi Goldstein, Rolando Acosta, Hon. Debra Ann Livingston, Hon. Richard C. Wesley, and Hon. Catherine O'Hagan Wolfe. Manchanda seeks removal to this court of "the case with Docket No.: 2021,1336 from the Attorney Grievance Committee, Supreme Court, Appellate Division, First Judicial

Department of the State of New York." Notice of Removal at 1. It is unclear why Manchanda refers to himself as the "Petitioner" in this action. Such a designation is also unclear because under the removal statute, only a *defendant* in a civil action may remove the action to federal court. *See* 28 U.S.C. § 1441(a).

The following allegations can be gleaned from the notice of removal. On September 13, 2021, Manchanda was "served" a letter by the Attorney Grievance Committee, State of New York, Supreme Court, Appellate Division ("Grievance Committee"), regarding "a sua sponte Investigation with a Docket Number 2021,1336." Notice of Removal at 3.[1] Apparently, the Grievance Committee initiated the investigation in response to Manchanda "filing three complaints between February 2021 and June 2021 containing 'racist and anti-Semitic language.'" *Id.* at 8. On January 14, 2022, Manchanda's attorney filed an answer to the Grievance Committee's letter. *Id.* at 3. Manchanda filed complaints against the Grievance Committee with a number of federal and state entities including the "Department of Justice, Civil Rights Division, United Nations Human Rights Council, New York State Office of Attorney General, Federal Trade Commission, Bureau Competition, Office Policy and Coordination, US Department of Labor, US Department of Interior, New York State Commission on Ethics and Lobbying in Government, New York State Public Integrity Bureau, US Attorney Office, SDNY Civilian Crime Report Unit, Criminal Division, NYS Joint Commission of Public Ethics, NYS Office of Inspector General, Federal Bureau of Investigation." *Id.* at 3-4.

On February 25, 2023, Manchanda moved in the New York Supreme Court, Appellate Division, for "an order dismissing the motion pursuant to CPLR 3211 which was denied."[2] *Id.* at

---

[1] The Court relies on page numbers rather than paragraphs because Manchanda re-starts his paragraph numbering at 1 on page 8.

[2] New York Civil Practice Law and Rules § 3211 governs motions to dismiss in the state courts.

4. On February 27, 2023, Manchanda "cross moved the [Appellate Division] for an order dismissing the motion pursuant to CPLR 3211," which was also denied. *Id.* at 4. Throughout this time, Manchanda continued to file complaints against the Grievance Committee with various state and federal entities. *See id.* at 4-5.

On April 7, 2023, Manchanda received a "Notice of Entry" with "case numbers of M-2023-00499 and M-2023-01016 from the Attorney Grievance Committee, Supreme Court of the State of New York, Appellate Division: First Judicial Department." *Id.* at 5. Attached to the Notice of Entry is an "Unpublished Order," from the Appellate Division stating that on February 27, 2023, the Grievance Committee moved the court to "immediately suspend [Manchanda] . . . from the practice of law in the State of New York, based upon evidence of professional misconduct that threatens the public interest." Notice of Removal, Ex. E at 59.

Manchanda maintains that the Court has original jurisdiction of this action under its federal question jurisdiction, 28 U.S.C. § 1331, because "it arises out of constitutional issues including First Amendment and Fourteenth Amendment of the U.S. Constitution." *Id.* at 5. He further argues that the Court has jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which he maintains provides for federal jurisdiction of civil rights claims. *Id.* at 5-6. Manchanda alleges that the notice of removal is timely because he filed it within 30 days after he was "served . . . with the Notice of Entry." *Id.* at 6.

Outside of the present litigation, Manchanda is not a stranger to this court. Because he filed three actions in this court that were dismissed *sua sponte*, by order dated April 16, 2015, the Honorable Vernon S. Broderick of this court warned Plaintiff that the continued filing of frivolous or meritless lawsuits would result in an order under 28 U.S.C. § 1651, barring Plaintiff from filing any new action in this Court without prior permission. *See Manchanda v. Bose*, ECF

3

1:15-CV-2313, 3 (S.D.N.Y. Apr. 16, 2015). On March 24, 2022, the United States Court of Appeals for the Second Circuit similarly warned Manchanda that continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers in that court could result in the imposition of sanctions. *Manchanda v. Senderoff*, No. 21-1909, 2022 WL 1667261, at *1 (2d Cir. Mar. 24, 2022).

## STANDARD OF REVIEW

A defendant in a state-court action may remove a matter to federal district court if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state-court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may *sua sponte* remand an action within 30 days of the filing of the notice of removal for a procedural defect, or at any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

While the Court is generally obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), because Manchanda is a licensed attorney, he is not entitled to the solicitude generally given to *pro se* litigants. *See Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) ("[A] lawyer representing himself ordinarily receives no such solicitude at all.").

## DISCUSSION

Removal of this case is improper because Manchanda has not established that this Court has subject matter jurisdiction over this action and his notice of removal is untimely.

As an initial matter, it is unclear what "civil action" Manchanda is seeking to remove. He states that by filing the notice of removal, he "hereby removes the case with Docket No.: 2021,1336 from the Attorney Grievance Committee, Supreme Court, Appellate Division, First Department." Notice of Removal at 1. However, he also states that on April 7, 2023, he received a "Notice of Entry" with "case numbers of M-2023-00499 and M-2023-01016 from the Attorney Grievance Committee, Supreme Court of the State of New York, Appellate Division: First Judicial Department." *Id.* at 5. It is unclear from these references what civil action Manchanda is attempting to remove to this Court. Regardless, Manchanda does not explain why he names numerous individual "Respondents" on his notice of removal, such as Judge Debra Ann Livingston, the Chief Judge of the United States Court of Appeals for the Second Circuit, and Catherine O'Hagan Wolfe, the Clerk of Court for the Second Circuit Court of Appeals.

In any event, it clear from the notice of removal that this Court lacks subject matter jurisdiction. A defendant in a state court action may remove a matter to a federal district court only if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). That is, a claim may only be removed to federal court if it could have been filed in federal court originally. *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 485-86 (2d Cir. 1998). The action Manchanda seeks to remove is a proceeding in which the Grievance Committee seeks to suspend him from the practice of law in the State of New York. He maintains that the Grievance Committee relies on "New York State laws as its authority to interimly suspend [him] from the practice of law." *Id.* at 10. A proceeding in which a state attorney grievance committee seeks to

suspend an individual's license to practice law in the state based on state law could not have been originally filed in the federal court. *See Fax Telecommunicaciones*, 138 F.3d at 485-86.

Indeed, multiple courts have held that state bar disciplinary hearings are not removable to federal court under the federal removal statues. *See, e.g.*, *Supreme Court of Cal. v. Ringgold*, No. 20-7842 (GW) (MRWx), 2020 U.S. Dist. LEXIS 159164, at *4 (C.D. Cal. Sept. 1, 2020) ("There is no basis . . . for removing the state disciplinary proceedings to federal court and this Court does not have jurisdiction over it."); *Mass. Bd. Of Bar Overseers v. Belanger*, No. 1:20-CV-10445 (IT), 2020 WL 1821826, at *2 (D. Mass. Apr. 10, 2020) (attorney disciplinary proceeding is not removable to federal court); *Colorado v. Ziankovich*, No. 19-CV-3087 (RM), 2019 WL 6907460, at *2 (D. Colo. Dec. 19, 2019) (holding that attorney disciplinary proceedings are "within the exclusive jurisdiction of the Colorado Supreme Court" and "are not 'civil actions' subject to removal within the contemplation of 28 U.S.C. § 1441"); *Liberty v. State Bar of Cal.*, No. 16-CV-0022 (TEH), 2016 U.S. Dist. LEXIS 6745, at *2 (N.D. Cal. Jan. 19, 2016) (holding there is no basis for removing state disciplinary proceedings to federal court); *Alaska Bar Ass'n v. Dickerson*, 240 F. Supp. 732, 734 (D. Alaska 1965) (an attorney grievance committee disciplinary proceeding "is not a civil action within contemplation of the federal removal statute").

Manchanda nevertheless alleges that the court has federal question jurisdiction of this action. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).

In the context of removal, the "well-pleaded complaint" rule determines whether an action arises under the Constitution, laws, or treaties of the United States. Under the "well-pleaded complaint rule, . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks and citations omitted). Whether a case is one arising under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance or defenses which it is thought the defendant may interpose." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983). Moreover, a federal law issue raised by a defendant's defense or counterclaim is not a proper foundation for removal of a case from state to federal court. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003); *City of Rome, N.Y. v. Verizon Commc'ns Inc.*, 362 F.3d 168, 175 (2d Cir. 2004) (holding that in assessing whether there is federal question jurisdiction, the court must look to see if the well-pleaded complaint asserts a federal claim on its face and that "[t]he mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach").

Here, Manchanda argues that the Court has federal question jurisdiction over this action because "it arises out of constitutional issues including First Amendment and Fourteenth Amendment of the U.S. Constitution." Notice of Removal at 5. These references to federal constitutional provisions are affirmative defenses that Manchanda has apparently asserted or intends to assert in response to the Grievance Committee's efforts to suspend his law license.

7

*See, e.g., id.* at 11-18, 41-42.  The Notice of Entry and the Grievance Committee's other documents filed in the state court do not demonstrate the existence of a federal question. Manchanda's affirmative defenses that the Grievance Committee's actions violate his federal constitutional rights are not part of the complaint and are therefore insufficient to demonstrate that this court has federal question jurisdiction of this action.  *See Rivet*, 522 U.S. at 475 ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim.").

Moreover, Manchanda does not argue that the court has diversity of citizenship jurisdiction of this action under 28 U.S.C. § 1332.  Nor could he, as both he and at least some of the "Respondents" are citizens of New York.  *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (to establish diversity jurisdiction the complaint must show that plaintiff and defendant are citizens of different states).

Therefore, because this action does not present a federal question on its face and there is no diversity jurisdiction, the court does not have subject matter jurisdiction over this action.

The notice of removal also appears untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal.  28 U.S.C. § 1446(b).  Manchanda alleges that the notice was timely because he filed it within 30 days of service of the Notice of Entry.  Notice of Removal at 6.  But it is apparent from the notice of removal – including Manchanda's allegations that he answered the Grievance Committee's accusations on January 14, 2022, and filed multiple motions to dismiss in February 2023 – that the state court proceedings were pending long before he received the April 4, 2023, Notice of Entry.  *Id.* at 3-5.  Moreover, one of the docket numbers Manchanda provides for the case he seeks to remove, "No.: 2021, 1336," suggests that it was filed sometime in 2021.  Notice of Removal at 1.  The action therefore appears to have been initiated more than 30 days before

8

Manchanda filed the notice of removal on April 21, 2023, and he alleges no facts demonstrating that he was unaware of "grounds for removal" prior to receipt of the Notice of Entry.

For these reasons, the Court concludes that this case may not be removed. Thus, the action is remanded to the Supreme Court of the State of New York, Appellate Division, First Department. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the Supreme Court of the State of New York, Appellate Division, First Department. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

Dated:   April 26, 2023
         New York, New York

>                                      *Jennifer Rochon*
>                                      _____
>                                      JENNIFER L. ROCHON
>                                      United States District Judge